IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**RODNEY DOTSON,**

      **Plaintiff,**

v.                                                                                          Case No. 2:23-cv-2147-TLP-cgc

**FAYETTE COUNTY SHERIFF DEPARTMENT,**
**UN-NAMED JOHN AND JANE DOE,**

      **Defendants.**

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court are two motions: Defendant Fayette County Sheriff Department's (the "Sheriff's Department") Motion to Dismiss for failure to state a claim upon which relief may be granted, insufficient process, and insufficient service of process pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, respectively (Docket Entry ("D.E.") # 20); and, Plaintiff Rodney Dotson's ("Plaintiff") "Motion to Amend Complaint, and Motion to Substitute Parties / Add Parties" ("Plaintiff's Motion") pursuant to Rule 15 of the Federal Rules of Civil Procedure. (D.E. # 25).

Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein,

---

[1] The instant case has been referred to the United States Magistrate Judge pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

it is **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED** without prejudice and Plaintiff's Motion be **GRANTED**.

This case arises from the Sheriff Department impounding of Plaintiff's dog and permanently placing it with an adoptive family. (Am. Compl. at PageID 27-28). On March 16, 2023, Plaintiff filed his *pro se* Complaint, which he subsequently amended on March 24, 2023. (D.E. #1, #9). Plaintiff's Amended Complaint raises claims against the Sheriff's Department John and Jane Doe (the "adopting family"). (D.E. # 9).

Specifically, Plaintiff's Amended Complaint alleges as follows. On the date in question, Plaintiff's dog was on a leash but "broke free from panic" during a storm. (*Id*. at PageID 27). When Plaintiff returned home, he discovered that his dog was missing. (*Id*.) He contacted his neighbors and drove through the neighborhood for approximately one week to no avail. (*Id*.) Upon contacting the Sheriff's Office, he was advised that his dog had been impounded and placed with a foster family but that his dog would be returned to him. (*Id*.) As requested, Plaintiff provided photographs of the dog as proof of ownership, but he was advised that he did not in fact have claim to the dog. (*Id*.) He was then informed that it would be the foster family's decision whether to return the dog to him. (*Id*.) Plaintiff was later informed that the foster family was not willing to return the dog. (*Id*.) Plaintiff asserts that these actions constitute an unlawful conversion of property, and he further contends that his Fourth Amendment and due process rights have been violated. (*Id*. at PageID 27-28).

On March 24, 2023, Plaintiff was appointed counsel. (D.E. # 10). After an initial screening in accordance with Local Rule 4.1(b)(2) and 28 U.S.C. § 1915(e)(2)(B), an order was entered on March 29, 2023 requiring the Clerk to issue and effect service of process on Plaintiff's behalf.

(D.E. # 12). A copy of the summons and complaint was served directly upon Defendant Sheriff's Department on April 7, 2023. (D.E. # 16).

On April 27, 2023, Defendant filed the instant Motion to Dismiss. (D.E. # 20). With assistance of counsel, Plaintiff filed a Response to Defendant's Motion on June 16, 2023, arguing that any pleading deficiencies would be cured by filing an amended complaint; however, Plaintiff's Response was untimely filed pursuant to Local Rule 12.1(b). (D.E. # 25). In that same filing, Plaintiff included the instant Motion to Amend Complaint as well as a Motion to Substitute Parties / Add Parties ("Motion to Substitute"). (D.E. # 25). Attached to Plaintiff's Response, Motion to Amend Complaint, and Motion to Substitute was a Proposed Second Amended Complaint that, *inter alia*, adds Fayette County as a defendant and removes Jane and John Doe as defendants. (D.E. # 25-1). Plaintiff avers that "[e]ach point addressed by [the Sheriff's Department] in the motion to dismiss is cured" in the Proposed Second Amended Complaint. (D.E. #25 at PageID 86). On June 28, 2023, Defendant filed a Reply in opposition to Plaintiff's Response, which also included a Response to Plaintiff's Motion to Amend Complaint. (D.E. # 26.)

## PROPOSED CONCLUSIONS OF LAW

### A. Local Rule 7.2

Local Rule 7.2 sets forth the requirements for filing motions in this Court. It does not permit a motion to be included in the Response to another motion. Thus, this Court does not always consider "motions" that are included within Responses. *See, e.g., Darryl Sanders v. Trust Bank*, No. 2:20-cv-02181-MSN-atc, 2021 WL 4185889, at *4 (W.D. Tenn. Mar. 31, 2021).

However, in *Sanders*, the Court noted that the "motion" contained in the response was "almost an aside" mentioned in the final paragraph. *See id.* Here, Plaintiff's Response is titled as

"Response in Opposition to Motion to Dismiss, *Motion to Amend Complaint, and Motion to Substitute Parties/Add Parties*," and it sets forth Plaintiff's requests to amend, name the proper defendant. (*See* D.E. #25). It also contains a Proposed Second Amended Complaint. (D.E. #25-1). Therefore, the Court finds it to be appropriate to consider the substance of Plaintiff's Motion even though they are not properly filed.

### B. Joining the Proper Defendant

As a threshold issue, the Sheriff's Department asserted in its motion to dismiss that it is a non-suable entity and that Fayette County is the proper defendant. (D.E. #20-1 at PageID 60-61). In Plaintiff's Motion, he concurs and requests to name the proper defendant. (*See* D.E. #25 at PageID 87). Thus, it is **RECOMMENDED** that Plaintiff's request for Fayette County be named as a defendant in lieu of the Fayette County Sheriff Department be **GRANTED**.

### C. Motion to Amend

In cases where both a motion to dismiss and a motion to amend are filed, the Court should first address the motion to amend. *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988) (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1988) ("Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred.").

Leave to amend may be granted either as a matter of course, with the party's written consent, or the court's leave. Fed. R. Civ. P. 15(a)(1)-(2). The court should "freely give leave when justice so requires." *Id*. For the Court to consider whether justice requires the proposed amendment, the plaintiff must put "the substance of the proposed amendment" before the court. *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002); *see also Kostyu v.*

4

*Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *2 (6th Cir. July 28, 1986) ("A motion to amend must disclose what amendments [the plaintiff] intend[s] to make.").

Justice does not require that amendments be permitted in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The futility of any proposed amendment hinges on whether the amendment could withstand a Rule 12(b)(6) motion to dismiss—if it can, then the amendment is not futile. *See Riverview Health Inst.*, 601 F.3d 505, 520 (6th Cir. 2010) (citation omitted).

Upon review, Plaintiff fails to meet either of the requirements for amending as a matter of course under Rule 15(a)(1). Neither has the Defendant consented to allow any proposed amendments, with the exception of naming Fayette County as the proper party as addressed, *infra*. Therefore, Dotson's only path to amendment is with the Court's leave under Rule 15(a)(2).

Defendant's Reply urges the Court not to consider Plaintiff's filing as a motion based upon *Sanders* but does not contain an alternative argument under Rule 15(a)(2) or the *Foman* factors in the case that the Court did find it appropriate to consider the merits. Instead, Defendant requests to "reserve[] the right to file a response to any later-filed motion to amend." (*See* D.E. #26 at PageID 137-38). Plaintiff's improperly filed motion, however, is not closely analogous to *Sanders* for the reasons set forth above—namely, it is titled as a motion, clearly requests the right to amend, and includes a Proposed Second Amended Complaint. Thus, the Court does not find it appropriate to allow further briefing before considering Plaintiff's Motion.

Ultimately, the relevant question under Rule 15(a)(2) is whether justice requires leave to amend in this case. Upon consideration, the Court finds that none of the *Foman* factors or other

5

circumstances weigh against permitting the amendments.  Accordingly, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**.   As it is **RECOMMENDED** that Plaintiff be permitted to amend his pleading, it is further **RECOMMENDED** that Defendant's Motion to Dismiss be **DENIED** without prejudice.

## CONCLUSION

For the reasons set forth herein, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED** and that Defendant's Motion to Dismiss be **DENIED** without prejudice.

**SIGNED** this 4th day of August, 2023.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**