IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY DOTSON, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | No. 2:23-cv-02147-TLP-cgc |
| v. | ) | |
| | ) | |
| FAYETTE COUNTY SHERIFF | ) | |
| DEPARTMENT and UN-NAMED JOHN | ) | |
| and JANE DOE, | ) | |
| | ) | |
|    Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Rodney Dotson sued Defendants Fayette County Sheriff Department and "un-named John and Jane Doe" for injunctive relief after Defendants allegedly impounded Plaintiff's dog and placed it with an adoptive family. (ECF Nos. 1, 9.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Charmiane G. Claxton ("Judge Claxton") for management of all pretrial matters.

Defendants moved to dismiss for failure to state a claim. (ECF No. 20.) Plaintiff responded in opposition and included a motion to amend his complaint and to substitute a party. (ECF No. 25.) Judge Claxton entered a Report and Recommendation ("R&R") recommending that the Court grant Plaintiff's Motion to Amend and deny Defendants' Motion to Dismiss. (ECF No. 27.) Judge Claxton also recommended that the Court terminate the current Defendants, add Fayette County as a Defendant, and issue process. For the reasons below, the Court **ADOPTS** the R&R, **GRANTS** Plaintiff's Motion to Amend and **DENIES** Defendants'

1

Motion to Dismiss.  The Court also respectfully **DIRECTS** the Clerk to terminate the named

Defendants, add Fayette County as a Defendant, and issue process for Fayette County.

## BACKGROUND AND THE R&R

Plaintiff sued Defendants for injunctive relief after his dog ran away, county authorities

impounded the dog, and then placed it in a foster home.  (ECF No. 1.)  This Court granted

Plaintiff leave to proceed in forma pauperis (ECF No. 6) and appointed counsel to represent

Plaintiff.  (ECF No. 10.)  Judge Claxton also ordered that the pro se complaint be reconfigured

and refiled as a pro se complaint.  (ECF Nos. 8 and 9.)  Defendants moved to dismiss for

Plaintiff's failure to state a claim and for failing to serve Defendants properly.  (ECF No. 20.)  In

his response, Plaintiff moved to amend the complaint and add a party.  (ECF No. 25.)

After recounting the factual and procedural history, Judge Claxton addressed the

deficiencies in Plaintiff's Motion under Local Rule 7.2.  (ECF No. 27 at PageID 141–42.)  She

acknowledged Defendants' argument that the Court should not consider Plaintiff's motion to

amend.  But Judge Claxton then concluded that the Court can still evaluate the motion.  (*Id.*)

Then, she considered Plaintiff's Motion to Amend under Federal Rule of Civil Procedure 15(a),

along with the Supreme Court's *Foman* factors addressing requests to amend.  (*Id.* at PageID

142–43.)

Judge Claxton recommended that this Court grant Plaintiff's Motion for Leave to Amend

and deny Defendant's Motion to Dismiss.  (*Id.*)  She recommended that the Court add Fayette

County as a Defendant and terminate the current Defendants.  (*Id.* at PageID 142.)  This Court

agrees with Judge Claxton's reasoning and her recommendations.

**LEGAL STANDARD**

When considering a motion to dismiss under FRCP 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Wesley v. Campbell,* 779 F.3d 421, 428 (6th Cir. 2015). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Z Technologies Corp. v. Lubrizol Corp.,* 753 F.3d 594, 597 (6th Cir. 2014). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Sixth Circuit considers many factors in evaluating a motion to amend, including undue delay, repeated failure to cure deficiencies by amendments previously allowed, bad faith or dilatory motive, and undue prejudice to the opposing party. *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970-71 (6th Cir. 1942). Such amendment may also be denied for futility. *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)). For futility, the dispositive question is whether a plaintiff's proposed amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)).

Rule 8 of the Federal Rules of Civil Procedure sets out a liberal pleading standard, requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[c]onclusory allegations or legal conclusions masquerading

as factual allegations will not suffice." *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 652 (6th Cir.

2014) (quoting *Edison v. Tenn. Dep't of Children's Servs.*, 510 F,3d 631, 634 (6th Cir. 2007)).

The proposed amended complaint "must go beyond 'labels and conclusions" or mere "formulaic

recitation of the elements of a cause of action," to survive a motion to dismiss. *SFS Check, LLC*

*v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 554, 555 (2007)).

A magistrate judge may submit to a district court judge proposed findings of fact and a

recommended ruling on certain pretrial matters, including whether to dismiss an action. 28

U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the

recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a

copy of the recommended disposition, a party may serve and file specific written objections to

the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If the parties do not

object, then a district court reviews a R&R for clear error. Fed. R. Civ. P. 72(b) advisory

committee notes. And the district court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge

Claxton entered her R&R in August 2023 and neither party objected. The Court therefore

reviews the R&R for clear error.

### DISPOSITION

Having reviewed the record here and finding no clear error, the Court agrees with Judge

Claxton's R&R. The Court will address the arguments below.

## I.      Motion to Amend

Judge Claxton correctly determined that Plaintiff failed to comply with Local Rule 7.2 by

including the Motion to Amend within his response to Defendants' Motion to Dismiss.  (ECF

No. 27 at PageID 141–42.)  Defendants contend that the Court should not consider the

amendment motion, relying on *Sanders v. Truist Bank,* 2021 WL 4185889, at *4 (W.D. Tenn.

Mar. 31, 2021).  (ECF No. 26 at PageID 137.)  In *Sanders*, the plaintiff responded to a motion to

dismiss and then included a request to amend his complaint, "as an aside."  *Sanders* 2021 WL at

*4.

Judge Claxton distinguished this case from *Sanders*.  She concluded that the crux of

Plaintiff's response is his Motion to Amend, especially since Plaintiff included a proposed

amended complaint.  (ECF No. 27 at PageID 141–42.)  Though Plaintiff failed to comply exactly

with the local rules, courts liberally construe pro se complaints and hold them "to less stringent

standards than formal pleadings drafted by lawyers."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th

Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  What is more,

motions to amend are liberally evaluated.  *See Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.

1987) ("it is apparent that when a motion to amend is not even considered, much less not

granted, an abuse of discretion has occurred").  This Court finds no clear error with Judge

Claxton's reasoning in considering Plaintiff's Motion to Amend.

## II.     *Foman* Factors

While evaluating Plaintiff's Motion to Amend, Judge Claxton analyzed the standard in

FRCP 15(a)(2) that permits the amendment to a complaint "when justice so requires," along with

the Supreme Court's factors in *Foman v. Davis*, 371 U.S. 178, 182 (1962).  *Foman* declares that

a plaintiff "ought to be afforded an opportunity to test his claim on the merits."  *Id.*  And while a

5

court should consider factors such as undue delay, bad faith, a "dilatory motive" repeated failures to cure deficiencies, undue prejudice, and the futility of amendment, leave to amend should be "freely given." *Id.* The Supreme Court also warns courts that the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.*

Judge Claxton's R&R found that none of the *Foman* factors justified denying Plaintiff's request. There is no apparent bad faith or ulterior motive and Plaintiff's lawsuit is only three months old so it is unlikely that this will cause an undue delay or prejudice to Defendants. (ECF No. 27 at PageID 143.) In reply, Defendants point to Plaintiff's improperly filed motion as a basis for denial, but Judge Claxton rejected this argument. (*Id.*) (*See* ECF No. 26.) Because Defendants did not address any of the *Foman* factors, Judge Claxton recommended that this Court grant Plaintiff's Motion to Amend and Deny Defendants' Motion to Dismiss. (*Id.* at PageID 143–44.)

## III. Adding and Terminating Defendants

In their motion to dismiss, Defendants claim that they are not the proper parties. (ECF No. 20 at PageID 60–61.) And Plaintiff agrees, conceding that "Defendant was correct that the appropriate party to be sued is Fayette County." (ECF No. 25 at PageID 87.) But Plaintiff asks this Court to keep Defendant Fayette County Sheriff's Office, "out of an abundance of caution." (*Id.*) But Fayette County Sheriff's Office is not an appropriate party because it is an entity of Fayette County. And so it cannot be individually sued. *See Jones v. Union City, Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) and *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("the police department is not an entity which may be sued"). The correct party here is Fayette County. Judge Claxton thus recommended that the Court change the Defendant to Fayette

County rather than those Plaintiff named originally.  (ECF No. 27 at PageID 142.)  This Court

agrees with that recommendation too.

### CONCLUSION

Having reviewed Judge Claxton's R&R for clear error, this Court finds none.  And so the

Court **ADOPTS** the R&R, **GRANTS** Plaintiff's Motion to Amend and **DENIES** Defendant's

Motion to Dismiss.

**SO ORDERED**, this 7th day of February, 2024.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE